IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| ROBERT ANDERSON, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| KILOLO KIJAKAZI, | *   No. 3:21-cv-00017-JJV |
| Acting Commissioner, | * |
| Social Security Administration, | * |
| | * |
| Defendant. | * |

## MEMORANDUM AND ORDER

Robert Anderson, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. The Administrative Law Judge (ALJ) concluded he had not been under a disability within the meaning of the Social Security Act, because Plaintiff had the residual functional capacity (RFC) to perform light work and jobs existed in significant numbers that Plaintiff could perform despite his impairments. (Tr. 15-27.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff is fifty-one years old. (Tr. 53.) He has a high school diploma,(Tr. 55), and past relevant work as an industrial truck operator. (Tr. 56, 61.)

The ALJ[1] found Mr. Anderson met the disability eligibility requirements to apply for disability insurance benefits and has not engaged in substantial gainful activity since August 1, 2018 – the alleged onset date. (Tr. 18.) He has "severe" impairments in the form of "degenerative disc disease, obesity, type II diabetes mellitus, hernia repair, peripheral vascular disease, depression, and posttraumatic stress disorder (PTSD)." (*Id.*) The ALJ further found Mr. Anderson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 18-20.)

The ALJ determined Mr. Anderson had the residual functional capacity (RFC) to perform a limited range of light work, given his physical and mental impairments. (Tr. 20-25.) The ALJ determined Mr. Anderson could no longer perform his past work, so he utilized the services of a

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 79-82.)  Based in part on the testimony of the vocational expert, the ALJ determined Mr. Anderson could perform either the job of a poultry dresser or a router despite his limitations.  (Tr. 26.)  Accordingly, the ALJ determined Mr. Anderson was not disabled.  (Tr. 27.)

The Appeals Council considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.)  Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of his Complaint, Mr. Anderson argues that the ALJ's RFC assessment was flawed.  (Doc. No. 15 at 23-32.)   Specifically, Plaintiff attacks the ALJ finding he can perform a wide range of light work and discounting the opinion of his treating psychiatrist.  Mr. Anderson clearly suffers from some degree of pain and limitation stemming from his morbid obesity, his chronic leg and back pain, and his depression. But given my limited review under the law and my careful assessment of the ALJ's opinion, the extensive medical record, and the briefs from the respective parties, I find that the ALJ's opinion is supported by substantial evidence.

I have carefully reviewed the evidence Plaintiff cites in support of his Appeal Brief.  (Doc. No. 15.)  While this evidence does show that Plaintiff suffers from some level of pain, decreased range of motion, and mental limitation, these records fail to support the allegation of complete disability.  To the contrary, Plaintiff's objective treatment records provide substantial evidence that Plaintiff is capable of performing a reduced range of light work.  While Plaintiff expressed subjective complaints of pain and limitation, on examination Plaintiff's doctors reported nothing that could be considered disabling. (Tr. 409-10, 418-34, 462-66, 475, 477, 515, 558, 573-76, 662-69, 697-703, 710-13, 721-766.)

"Disability" is the "inability to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  I find no reversible error here.

I have also reviewed the Medical Source Statement-Mental completed by Plaintiff's treating psychiatrist, W. Robert Vanscoy, M.D. (Tr. 634-36.)  In addressing this evidence, the ALJ stated:

> The August 13, 2019 opinion of psychiatrist W. Robert Vanscoy, M.D., describe marked limitation in a number of areas of mental functioning (B18F). His opinion is not supported by adequate explanation or citation to evidence. Dr. Vanscoy indicated that he had been treating the claimant only since April 2019, which is confirmed by the treatment records. Moreover, his opinion is inconsistent with the medical evidence of record as a whole, which shows largely mild to normal findings at mental status examinations with generally conservative, stable mental health treatment, as discussed above (see, e.g., B5F; B7F; B8F; B10F; B19F; B20F; B22F; B24F).

(Tr. 24-5.)

After careful review, I find the ALJ's assessment to be consistent with the overall evidence of record.  For example, on August 13, 2019, Dr. Vanscoy reported that Plaintiff had marked limitations in a number of functional areas. (Tr. 635.)  Yet, just two months before, Dr. Vanscoy's examination notes reveal mostly normal results. (Tr. 630-631.)  Given this inconsistency and a lack of supporting medical evidence, the ALJ could fairly discount Dr. Vanscoy's opinion.

The ALJ carefully considered the record and made a supported determination that Plaintiff was capable of performing a reduced range of light work.  In coming to this conclusion, the ALJ considered the extensive medical records and the opinions from medical professionals.  And in his opinion, the ALJ fairly set out the rationale for his conclusions.  And while I recognize they only

evaluated the medical evidence and did not have the benefit of actually examining Mr. Anderson, the opinions of Ronald Crow, D.O., (Tr. 97-99), Lauri Clemens, Ph.D., (Tr. 99-101), Ben Johnson, M.D., (Tr. 136-138), and Marilyn Jordan, Ph.D., (Tr. 138-140), constitute substantial evidence upon which the ALJ could rely.  (Tr. 25.)

There is ample evidence to support the Commissioner's decision.  I recognize there is also evidence to support Mr. Anderson's claims, including a history of back pain, obesity, and depression. Yet the overall evidence supports the ALJ's conclusion that he was not disabled.

Plaintiff had the burden of proving his disability.  *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988).  Thus, he bore the responsibility of presenting the strongest case possible.  *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991).  Plaintiff has simply not met that burden.  The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Mr. Anderson's counsel has done a commendable job advocating for him, but it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372

F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERD that the final decision of the Commissioner is affirmed, and Plaintiff's Complaint is dismissed with prejudice.

DATED this 20th day of April 2022.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE